UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-205 |
| BYRON JONES | SECTION: "E" (2) |

ORDER AND REASONS

Before the Court is Defendant Byron Jones' ("Defendant") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] The Government filed an opposition to Defendant's motion.[2] Defendant subsequently filed two supplemental briefs in support of his motion, raising new grounds for relief.[3] Because Defendant raised new grounds for relief, the Court ordered the Government to respond.[4] After several extensions of time to file due to developments in Fifth Circuit law, the Government timely filed its supplemental opposition.[5] For the reasons that follow, Defendant's motion is **DENIED**.

BACKGROUND

On August 17, 2015, this criminal matter proceeded to a trial by jury with respect to Defendants Deloyd Jones, Sidney Patterson, and Byron Jones.[6] After a trial which lasted approximately a week-and-a-half, the jury returned verdicts on August 28, 2015, on all counts against the aforementioned Defendants. The jury found Defendant Byron Jones guilty on all of the charges which were then-pending against him.[7] On May 5, 2016,

---

[1] R. Doc. 1059.
[2] R. Doc. 1062.
[3] R. Doc. 1066; R. Doc. 1068.
[4] R. Doc. 1069.
[5] R. Doc. 1095.
[6] The September 19, 2013 Indictment also named as Defendants the following persons—Tre Clements, Ervin Spooner, Romalis Parker, Nyson Jones, Andrealie Lewis, Morris Summers, Tyone Burton, Tyrone Burton, and Perry Wilson. Those Defendants pleaded guilty to certain counts of the Indictment on the eve of trial.
[7] However, in addressing certain special-findings questions for sentencing-enhancement purposes, the jury did not unanimously find that Defendant Byron Jones, himself, committed the February 24, 2010 murder

the Court sentenced Defendant to life imprisonment as to Counts One and Five; 240 months as to Counts Two, Three, Six, Seven, and Nine; 120 months as to Count Eight; and 300 months as to Count Ten.[8]

Defendant appealed his conviction to the United States Court of Appeals for the Fifth Circuit.[9] The Fifth Circuit affirmed in part, vacating his conviction as to Counts Nine and Ten only and remanding the case to this Court for resentencing.[10] The Court re-sentenced Defendant on February 21, 2018, to life imprisonment as to Counts One and Five; 235 months as to Counts Two, Three, Six, and Seven; and 120 months as to Count Eight.[11] Defendant appealed his conviction a second time, arguing recent United States Supreme Court and Fifth Circuit precedent warranted vacation of his convictions under 18 U.S.C. § 924—namely Counts Three, Six, and Eight.[12] For the reasons argued by Defendant, the Fifth Circuit vacated Defendant's conviction as to Counts Three, Six, and Eight.[13] Again, upon remand, this Court re-sentenced Defendant to life imprisonment as to each of Counts One and Five; and 235 months as to each of Counts Two and Seven.[14] Defendant filed a third appeal to the Fifth Circuit,[15] and the Fifth Circuit affirmed the decision of the Court.[16]

---

of Travis Arnold in violation of Louisiana law. *See* R. Doc. 536-5 at 3 (Jury Verdict Form). The jury did unanimously find that Byron Jones, as a result of his own direct conduct and/or the reasonably foreseeable conduct of his co-conspirators in furtherance of the conspiracy as a whole, conspired to distribute and possess with the intent to distribute 280 grams or more of cocaine base.
[8] R. Doc. 700.
[9] R. Doc. 696.
[10] R. Doc. 757.
[11] R. Doc. 798.
[12] R. Doc. 795.
[13] R. Doc. 897.
[14] R. Doc. 918.
[15] R. Doc. 920.
[16] R. Doc. 967.

2

On January 19, 2022, Defendant filed the instant motion to vacate under 28 U.S.C. § 2255. [17] The Court ordered the Government to file a response containing the Government's position on Defendant's motion, including any procedural and substantive defenses.[18] The Government timely filed an opposition on February 17, 2022.[19] Defendant filed two supplemental briefs in support of his motion. [20] The Court ordered the Government to file a response addressing Defendant's new arguments, [21] and the Government did so.[22]

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence.[23] Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[24] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid."[25]

As mandated by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must examine a Section 2255 motion promptly and "if it plainly appears from the motion,

---

[17] R. Doc. 1059.
[18] R. Doc. 1060.
[19] R. Doc. 1062.
[20] R. Doc. 1066; R. Doc. 1069.
[21] R. Doc. 1069.
[22] R. Doc. 1095.
[23] 28 U.S.C. § 2255(a) (2008).
[24] *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).
[25] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

3

any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."[26] If the motion raises a non-frivolous claim to relief, the Court must order the Government to file a response or take other appropriate action.[27]

Should the Court find that there is a need to expand the record, with good cause shown, limited discovery may be authorized.[28] After reviewing the Government's response and the record, the Court must determine whether an evidentiary hearing is warranted.[29] An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[30] Furthermore, no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of his allegations."[31]

As stated by Judge Vance in *Caston*:

> Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. For certain "structural" errors, relief follows automatically once the error is proved. For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence [his] or grant a new trial or correct the sentence as may be appropriate.[32]

## **LAW AND ANALYSIS**

In Defendant's motion to vacate and supplemental briefs, Defendant asks the Court to vacate his sentence on the following four grounds: (1) there is insufficient

---

[26] Rules Governing Section 2255 4(b).
[27] *Id.*
[28] Rules Governing Section 2255 6–7.
[29] Rules Governing Section 2255 8.
[30] 28 U.S.C. § 2255(b).
[31] *United States v. Balderas*, No. 09-310, 2014 WL 345287, at *2 (E.D. La. Jan. 27, 2014) (citing *United States v. Caston*, No. 09-098, 2013 WL 3933400 (E.D. La. July 30, 2013); *United States v. Edward*, 443 F.3d 258, 264 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[32] *Caston*, No. 09-098, 2013 WL 3933400 at *2.

4

evidence of Defendant's guilt as to Count One;[33] (2) Defendant's counsel was ineffective,[34] and by rendering ineffective assistance of counsel, Defendant was deprived of his Sixth Amendment right to effective counsel;[35] (3) Defendant was wrongfully convicted as to Count Five;[36] (4) Defendant's VICAR offense was committed with a mens rea of recklessness and therefore could not serve as a violent crime predicate as to Counts Five and Seven, under recent Supreme Court precedent, *Borden v. United States*.[37]

### I. Some of Defendant's Claims Are Cognizable under Section 2255.

Section 2255 identifies only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[38] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid."[39] The Fifth Circuit has stated the process for reviewing an 18 U.S.C. § 2255 motion:

> As a threshold matter, we consider our standard of review and the extent to which [the Defendant's] claims are cognizable under section 2255. Following a conviction and exhaustion or waiver of the right to direct

---

[33] R. Doc. 1059 at p. 4. Although Defendant initially states "[t]here is no[t] sufficient evidence that [he] is guilty of RICO," which is Count One of the Indictment, Defendant goes on to make reference Count Five and cites the statute under which he was charged in Count Five. *Id.* While it is not clear whether Defendant is challenging Count One or Count Five at this point, Defendant later challenges Count Five in his fourth argument on the same basis. *Id.* at p. 8. Accordingly, whether Defendant intended to raise this argument as to Count One or Count Five, the Court will consider it as to both.
[34] *Id.* at p. 5.
[35] *Id.* at p. 7. Defendant distinguishes between an "ineffective assistance of counsel" claim and a claim that his Sixth Amendment rights were violated by "rendering ineffective assistance of counsel." *See id.* at pp. 5, 7. The Court will consider these as one claim.
[36] *Id.* at p. 8.
[37] R. Doc. 1066 at p. 1; R. Doc. 1068 at p. 2 (citing *Borden v. United States*, 141 S. Ct. 1817 (2021)). Defendant raised this issue in two supplemental briefs, first citing Tenth Circuit precedent and then citing *Borden*. *See id.* Because the basis for the two supplemental briefs is the same, the Court considers this as one argument.
[38] *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Placente*, 81 F.3d at 558.
[39] *Addonizio*, 442 U.S. at 185.

appeal, we presume a defendant stands fairly and finally convicted. As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and*, if condoned, would result in a complete miscarriage of justice.⁴⁰

Accordingly, as a threshold matter, before considering the merits, the Court must determine which of the issues raised by Defendant are considered cognizable under Section 2255.

### A. Defendant's Claims Are Constitutional or Jurisdictional in Magnitude.

First, the Court must classify Defendant's claims as those that are constitutional or jurisdictional in magnitude and those that are not, *i.e.*, "other types of error." The Court finds Defendant's arguments are constitutional or jurisdictional in nature. Defendant's first and third arguments raised questions as to the sufficiency of the evidence upon which he was convicted of Counts One and Five.⁴¹ Arguments related to the sufficiency of the evidence are considered constitutional under Fifth Circuit precedent and are therefore cognizable under Section 2255.⁴² As to his second argument, *i.e.*, ineffective assistance of counsel, Defendant has stated a cognizable claim. "[A] defendant's claim of ineffective assistance of counsel *does* give rise to a constitutional issue" properly addressed by a

---

⁴⁰ *Cervantes*, 132 F.3d at 1109 (internal citations omitted); *see also Howell v. United States*, No. 3:18-CV-199-K, 2921 WL 977066, at * (N.D. Tex. Mar. 16, 2021) (citing *Cervantes*, 132 F.3d at 1109); *United States v. Valdez*, No. 6:15-0577, 2017 WL 2629432, at *7 (W.D. La. Apr. 27, 2017) (same); *United States v. Stokes*, No. 3:10-cr-00108-BAJ-RLB, 2013 WL 6389263, at *3 (M.D. La. Dec. 6, 2013) (same).
⁴¹ Defendant argues he was wrongfully convicted of Count Five because "the indictment, by definitive fact, constitutes simple murder. Count 5 was not committed for an 'initiation,' it was not 'organized,' it was not a part of an 'advancement strategy to further criminal endeavors and proceeds,' nor was it a 'duty' being carried out by a 'ranking member' with an 'established method.'" R. Doc. 1059 at p. 8. The Court characterizes this argument as an argument that there was insufficient evidence to establish the elements of Count Five.
⁴² *U.S. v. Molette*, No. 08-0262, 2008 WL 4461899, at *3 (W.D. La. Oct. 2, 2008) (citing *U.S. v. Jackson*, 202 F.3d 264 (5th Cir. 1999)).

6

motion to vacate under Section 2255.[43] Defendant's final argument—that his sentences as to Counts Five and Seven are impacted by recent Supreme Court precedent—is properly reviewed by a motion to vacate under Section 2255. "[T]he appropriate method to challenge a conviction or sentence which a defendant claims is unconstitutional under [new] Supreme Court precedent is through a § 2255 petition."[44] Accordingly, Defendant's arguments are considered "constitutional" under 28 U.S.C. § 2255.

### B. Defendant's Arguments Are Properly Raised on Collateral Review.

Having found that all of Defendant's arguments are considered constitutional issues under 28 U.S.C. 2255, the Court must now engage in the second step of the analysis to determine whether Defendant's claims are cognizable—are Defendant's arguments properly raised on collateral review? "The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."[45] "[This] procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."[46] Of the four arguments raised by Defendant in the instant motion and supplemental briefs, Defendant raised only arguments one and three on direct appeal—that there was insufficient evidence to support a conviction as to Counts One and Five.[47]

---

[43] *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) (emphasis added).
[44] *United States v. Hicks*, 663 F. App'x 299, 302 (5th Cir. 2016). Although not specifically stated, the Court assumes Defendant challenges the *constitutionality* of his convictions after *Borden*.
[45] *Massaro*, 538 U.S. at 504.
[46] *Id.*
[47] In their briefing, both Defendant and the Government state Defendant raised only the insufficiency of the evidence as to Count One on appeal. R. Doc. 1059 at p. 9; R. Doc. 1062 at p. 5. However, this is not accurate. The appellate record reveals Defendant challenged the insufficiency of the evidence as to Counts One, Two, Five and Seven on appeal to the Fifth Circuit. *United States v. Byron Jones, et al.*, No. 19-30935, Appeal from the U.S. D.C. No 2:13-CR-205-02 (E.D. La.), R. Doc. 00515355144 at p. 1.
In Defendant's third appeal, wherein the Fifth Circuit affirmed this Court's sentencing of Defendant, Defendant raised four arguments: (1) "The evidence produced at trial was legally insufficient to support

7

However, the United States Supreme Court created an exception to this general rule for ineffective assistance of counsel claims.[48] "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal . . . [because] in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."[49] As a result of this Supreme Court exception, the Court may also consider the merits of Defendant's ineffective assistance of counsel argument—argument two.

Moreover, the general rule clearly does not apply to claims that could not have been brought on direct appeal—where the basis for the relief sought did not exist at the time of direct appeal.[50] The Fifth Circuit rejected Defendant's final appeal on July 15, 2020.[51] The Supreme Court decision in *Borden* was published on June 10, 2021.[52] Because it could not have been raised on direct appeal, Defendant's fourth argument is properly raised on collateral review. Accordingly, under 28 U.S.C. § 2255, Defendant's arguments are considered cognizable.

---

Byron Jones' convictions as to Counts 1, 2, 5, and 7;" (2) "The district court abused its discretion when it allowed the government to introduce evidence of 'witness intimidation' which occurred mid-trial under circumstances they were solely positioned to prevent;" (3) "The district court abused its discretion when it allowed the government to introduce recorded jail calls through a non-party to the call;" and (4) 'The district court abused its discretion when it failed to give either the requested 'accessory after the fact' or the 'parties to a crime' jury instruction." *Id.*
[48] *Id.*
[49] *Id.*
[50] *United States v. Terry*, No. MO:03-CR-000905, 2007 WL 9717226, at *2 (W.D. Tex. Jan. 22, 2007) ("[S]ection 2255 relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal.") (denying Defendant's motion as none of the arguments were based on new case law).
[51] R. Doc. 967.
[52] *Borden*, 141 S. Ct. at 1817.

**II.    Defendant's Cognizable Arguments Are Nonetheless Meritless.**

Turning to the merits of Defendant's cognizable arguments, the Court will discuss each argument in turn.

> **A.   Defendant's First and Third Arguments—Insufficient Evidence as to Counts One and Five—Are Foreclosed.**

Defendant's first and third arguments—that there was insufficient evidence as to his conviction on Counts One and Five—although cognizable, are nonetheless foreclosed. "Sufficiency of the evidence may be a constitutional issue which may be cognizable under § 2255. However, issues raised and rejected on direct appeal may not be presented in a subsequent § 2255 motion."[53] On third appeal, Defendant argued the evidence produced at trial was insufficient to support his convictions as to Counts One, Two, Five, and Seven.[54] Now, Defendant argues again the evidence was insufficient to support his convictions as to Counts One and Five.[55] Because these arguments were rejected by the Fifth Circuit on Defendant's third appeal,[56] the Court may not properly consider them now on collateral review.

> **B.   Defendants Second Argument—Ineffective Assistance of Counsel—Is Without Merit.**

Defendant argues his counsel was ineffective and his Sixth Amendment rights were violated as a result. In *Strickland v. Washington*, the United States Supreme Court has articulated a two-part test for analyzing claims for ineffective assistance of counsel: petitioner must prove (1) deficient performance by counsel, and (2) the deficient

---

[53] *Molette*, No. 08-0262, 2008 WL 4461899, at *3.
[54] *Jones*, No. 19-30935, Appeal from the U.S. D.C. No 2:13-CR-205-02 (E.D. La.), R. Doc. 00515355144 at p. 1.
[55] R. Doc. 1095.
[56] R. Doc. 967.

9

performance prejudiced their defense.[57] To prevail on the deficiency prong, the petitioner must show that counsel's performance falls below a standard of reasonableness.[58] For the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[59]

In his motion, Defendant argues his attorney was ineffective due to (1) "[p]oor performance and tactics;" (2) "not preserving issues, or disputing factless and irrelevant allegations and evidence;" (3) "inappropriate conduct and negligent behavior;"[60] and (4) "manipulation, deception, and concise disregard."[61] To prevail on his claim, Defendant was required to show "that his counsel's performance was deficient and that the deficiency prejudiced the defendant."[62] However, "conclusory allegations of ineffective assistance of counsel fail to make this showing."[63] Accordingly, Defendant failed to meet his burden as to his ineffective assistance of counsel claim.

### C. Defendant's Fourth Argument—That His VICAR Convictions Are Invalid Based on *Borden v. United States*—Is Without Merit.

Finally, Defendant contends his violent crimes in aid of racketeering ("VICAR") convictions are now invalid based on a recent decision by the United States Supreme Court, *Borden v. United States*.[64] The Government argues *Borden* is inapplicable because it relates only to statutes that require the application of the categorical approach, and

---

[57] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[58] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).
[59] *Strickland*, 466 U.S. at 694.
[60] R. Doc. 1059 at p. 5.
[61] *Id.* at p. 7.
[62] *Roberts v. Lumpkin*, No. 20-10280, 2021 WL 4142387, at *1 (5th Cir. May 3, 2021) (holding the defendant did not demonstrate his counsel was ineffective where he alleged only that his counsel failed to raise all available motions and objections).
[63] *Id.*
[64] R. Doc. 1066; R. Doc. 1068.

according to the Government, the categorical approach should not be applied in the context of VICAR convictions.[65]

In *Borden*, the United States Supreme Court held a criminal offense that requires only a mens rea of recklessness could not count as a "violent felony" predicate offense under the elements of the Armed Career Criminal Act ("ACCA").[66] The ACCA was enacted by Congress to address the "'special danger' associated with 'armed career criminals.'"[67] In an effort to address this concern, Congress imposed severe penalties for convictions under the ACCA.[68] "[The] ACCA enhances the sentence of anyone convicted . . . of being a felon in possession of a firearm [to a 14-year mandatory prison term] if he has three or more prior convictions (whether state or federal) for a 'violent felony.'"[69] "An offense qualifies as a violent felony under that clause if it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"[70]

In determining whether an offense satisfies the "elements clause," courts apply the categorical approach. Explained by the Supreme Court, under the categorical approach, "the facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard. Here, that means asking whether a state offense necessarily involves the . . . 'use, attempted use, or threatened use of physical force against the person of another.'"[71] "If any—even the least culpable—of the acts

---

[65] R. Doc. 1095 at p. 5.
[66] *Borden*, 141 S. Ct. at 1821-22.
[67] *Id.* at 1822 (citing *Begay v. United States*, 553 U.S. 137, 146 (2008)).
[68] *Id.*
[69] *Id.*
[70] *Id.* (citing 18 U.S.C. § 924(e)(2)(B)(i) (2018)).
[71] *Id.*

11

criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as an ACCA predicate."[72]

In *Borden*, the defendant pleaded guilty to a felon-in-possession charge, and the Government sought a sentence enhancement under the ACCA.[73] One of three alleged predicate offenses was for reckless aggravated assault in violation of Tennessee law.[74] As stated in the name, the crime required only a mens rea of recklessness.[75] The defendant argued that a mens rea of recklessness could not establish a "crime of violence" under the language of the ACCA.[76] Seeking to resolve a circuit split, the Supreme Court considered the issue.[77]

The Supreme Court engaged in a lengthy discussion of the four states of mind that may give rise to criminal liability—purpose, knowledge, recklessness, and negligence.[78] In conclusion, the Court held that the phrase "violent felony," defined as an offense requiring the "use of physical force against the person of another," could not include reckless conduct.[79] The Court reasoned: "The phrase 'against another,' when modified by 'use of force,' demands that the perpetrator direct his action at, or target, another individual. The treatment of reckless offenses as 'violent felonies' would impose large sentencing enhancement on individuals (for example, reckless drivers) far afield from the 'armed career criminals' ACCA addresses."[80]

---

[72] *Id.*
[73] *Id.*
[74] *Id.*
[75] *Id.*
[76] *Id.*
[77] *Id.* at 1823.
[78] *Id.*
[79] *Id.* at 1825.
[80] *Id.*

Based on *Borden*, Defendant argues his convictions under 18 U.S.C. § 1959(a)(1), murder in aid of racketeering, and (a)(3), assault with a dangerous weapon in aid of racketeering, are invalid. 18 U.S.C. 1959(a) reads, in relevant part:

> (a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished -
>
> (1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both;
>
> (3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both.[81]

Section 1959(a) requires a defendant have committed an offense in addition to the racketeering charge to be found guilty under the statute—namely murder, kidnapping, maiming, assault with a dangerous weapon, assault resulting in serious bodily injury, threats to commit a crime of violence, or attempts or conspiracies to commit a crime of violence.[82]

Defendant now argues that his predicate crimes—murder and assault with a dangerous weapon—carry only a mens rea of recklessness, and applying *Borden*, Defendant's convictions should be vacated.[83] In opposition, the Government argues the categorical approach does not apply to convictions under VICAR.[84] The threshold

---

[81] 28 U.S.C. § 1959(a)(1), (3) (2018).
[82] *Id.*
[83] R. Doc. 1068 at p. 2.
[84] R. Doc. 1095 at p. 6.

13

question for the Court is whether the categorical approach applies to VICAR convictions such that *Borden* may be applicable to Defendant's convictions.

Although the Fifth Circuit has not addressed whether the categorical approach is used to determine whether a defendant's state court crime constitutes a predicate crime under the VICAR statute, one circuit court and several district courts have addressed the issue—each rejecting the argument made by Defendant here. The U.S. Court of Appeals for the Fourth Circuit is the only circuit court to have considered the issue. In *United States v. Keene*, the Fourth Circuit held the categorical approach did not apply when determining whether the defendants' alleged conduct in assaulting victims with a dangerous weapon in violation of Virginia's brandishing statute constituted a predicate assault with a dangerous weapon under the VICAR statute.[85] In so holding, the Fourth Circuit reviewed the principles underlying the categorical approach and determined "[n]othing in [the language of the VICAR statute] suggests that the categorical approach should be used to compare the enumerated federal offense . . . with the state offense. . . . In fact, the most natural reading of the statute does not require any comparison whatsoever between the two offenses."[86] "Notably," the *Keene* court concluded, "the VICAR language under which the defendants were charged contains none of the words or phrases that have triggered use of the categorical approach in other federal statutes," namely when federal statutes have referred to the "elements" of a state statute.[87] Finding the VICAR language devoid of any Congressional intent to apply the categorical approach, the Fourth Circuit rejected the defendants' argument that the categorical approach

---

[85] *Id.*
[86] *Id.* at 397.
[87] *Id.*

14

applies to their VICAR convictions.[88] Likewise, every district court to have considered the issue has reached a decision consistent with the Fourth Circuit's decision in *Keene*.[89]

This Court joins the numerous district courts that have adopted the Fourth Circuit's decision in *Keene* in holding the categorical approach should not be used to determine whether a defendant's state court crime constitutes a predicate crime under the VICAR statute. Having decided the categorical approach is not applicable to Defendant's VICAR convictions, the Court concludes *Borden* is inapplicable, and Defendant's convictions as to Count Five and Seven remain unaffected.

## CONCLUSION

For the foregoing reasons, Defendant Byron Jones's motion to vacate under 28 U.S.C. § 2255 is **DENIED**.

**New Orleans, Louisiana, this 22nd day of December, 2022.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[88] *Id.* at 398-99.
[89] *United States v. Ray*, No. 20-cr-110 (LJL), 2022 WL 17175799, at *13-14 (S.D.N.Y. Nov. 23, 2022) (finding *Keene* persuasive and holding the categorical approach does not apply to VICAR); *United States v. Elmore*, No. 3:13-cr-00764-WHO-6, 2022 WL 3716593, at *15 (N.D. Cal. Aug. 27, 2022) (holding the categorical approach did not apply in the context of VICAR); *United States v. Manning*, No. CR 19-000313 WHA, 2021 WL 4461599, at *2 (N.D. Cal. Sept. 29, 2021) (citing *Keene*, and holding the VICAR statute "is not subject to analysis under the categorical approach"); *Thomas v. United States*, No. 2:11-CR-58, 2021 WL 3493493, at *6 (E.D. Va. Aug. 9, 2021) (adopting *Keene* for the purpose of analyzing a Section 1959 conviction); *Lugo v. United States*, No. 01-cr-922 (NG), 2021 WL 6883419, at *8 (E.D.N.Y. May 14, 2021) (finding a Second Circuit decision precluded Defendant's argument of the applicability of the categorical approach to VICAR murder, but even if it must be applied, the defendant's convictions were nonetheless valid); *United States v. Martinez*, 545 F. Supp. 3d 1079, 1081, 1082 n.1 (D.N.M. 2021) (citing *Keene*); *United States v. Rivas Gomez*, No. 1:18-cr-00002-NONE-SKO, 2021 WL 431409, at *4 (E.D. Cal. Feb. 8, 2021) (adopting *Keene*).