# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-205** |
| **BYRON JONES** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a motion to correct clerical errors in judgment of conviction, filed by Defendant Byron Jones ("Defendant Jones"). [1] The Government filed an opposition.[2] For the reasons that follow, Defendant's motion is **DENIED**.

## BACKGROUND

On August 17, 2015, this criminal matter proceeded to a trial by jury with respect to Defendants Deloyd Jones, Sidney Patterson, and Byron Jones. After a trial which lasted approximately a week-and-a-half, the jury found Defendant Byron Jones guilty on all charges that were then-pending against him.[3] On May 5, 2016, the Court sentenced Defendant Jones to life imprisonment as to Counts One and Five; 240 months as to Counts Two, Three, Six, Seven, and Nine; 120 months as to Count Eight; and 300 months as to Count Ten.[4]

On appeal, the Fifth Circuit affirmed in part Defendant Jones' conviction, vacating his conviction as to Counts Nine and Ten only and remanding the case to this Court for

---

[1] R. Doc. 1122.

[2] R. Doc. 1124.

[3] However, in addressing certain special-findings questions for sentencing-enhancement purposes, the jury did not unanimously find that Defendant Byron Jones, himself, committed the February 24, 2010 murder of Travis Arnold in violation of Louisiana law. *See* R. Doc. 536-5 at 3 (Jury Verdict Form). The jury did unanimously find that Byron Jones, as a result of his own direct conduct and/or the reasonably foreseeable conduct of his co-conspirators in furtherance of the conspiracy as a whole, conspired to distribute and possess with the intent to distribute 280 grams or more of cocaine base.

[4] R. Doc. 700.

resentencing.[5] On February 21, 2018, the Court re-sentenced Defendant Jones to life imprisonment as to Counts One and Five; 235 months as to Counts Two, Three, Six, and Seven; and 120 months as to Count Eight.[6] The Defendant appealed his conviction a second time, arguing recent United States Supreme Court and Fifth Circuit precedent warranted vacation of his convictions under 18 U.S.C. § 924—namely Counts Three, Six, and Eight.[7] The Fifth Circuit vacated Defendant's conviction as to Counts Three, Six, and Eight. [8] Again, upon remand, this Court re-sentenced Defendant Jones to life imprisonment as to each of Counts One and Five; and 235 months as to each of Counts Two and Seven.[9] The Defendant filed a third appeal to the Fifth Circuit,[10] and the Fifth Circuit affirmed the decision of the Court.[11]

On March 21, 2024, Defendant Jones filed the instant motion to correct clerical errors in the judgment of conviction pursuant to Federal Rules of Criminal Procedure 35(a) and 36.[12] The Court ordered the Government to file a response to Defendant's motion.[13] The Government timely filed an opposition on April 5, 2024.[14]

## LAW AND ANALYSIS

Under Rule 35(a), a defendant may have the sentence imposed corrected if there was an "arithmetical, technical, or other clear error."[15] Rule 35(a) specifically addresses corrections of "sentences," which, as explained by paragraph (c), "means the oral

---

[5] R. Doc. 757.
[6] R. Doc. 798.
[7] R. Doc. 795.
[8] R. Doc. 897.
[9] R. Doc. 918.
[10] R. Doc. 920.
[11] R. Doc. 967.
[12] R. Doc. 1122.
[13] R. Doc. 1123.
[14] R. Doc. 1124.
[15] FED. R. CRIM. P. 35(a).

announcement of the sentence."[16] Accordingly, Rule 35(a) is used appropriately when a defendant requests an alteration of the sentence announced at the sentencing hearing.[17] Rule 35(a), however, only allows for this correction within 14 days after the defendant's sentencing.[18]

Alternatively, a defendant may have the judgment corrected at any time under Rule 36 if there was "a clerical error in a judgment, order, or other part of the record, or [] an error in the record arising from oversight or omission."[19] "Rule 36 [is] the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments" that are inconsistent with the sentencing announced orally at the sentencing hearing.[20]

In this case, Defendant Jones' judgment was imposed on November 7, 2019,[21] and he filed the instant motion on March 1, 2024, more than 14 days after the sentencing hearing.[22] Thus, any relief under Rule 35(a) is unavailable to the Defendant. Further, Defendant Jones does not allege any inconsistencies between the sentence announced orally by the Court at the sentencing hearing and the Court's written judgement. Indeed, both the sentence announced by the Court the sentencing hearing[23] and the sentence proclaimed in the Court's written judgment[24] impose a term of imprisonment of life as to each of Counts 1 and 5; 235 months as to each of Counts 2 and 7, all to be served

---

[16] *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008).
[17] *Id.*
[18] Fed. R. Crim. P. 35(a).
[19] Fed. R. Crim. P. 36.
[20] *Spencer*, 513 F.3d at 491 (citing *United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005); *United States v. Patrick Petroleum Corp.*, 703 F.2d 94, 98 (5th Cir. 1982)).
[21] R. Doc. 915.
[22] R. Doc. 1122.
[23] R. Doc. 928.
[24] R. Doc. 918.

concurrently.[25] Because the sentence orally announced at the sentencing hearing and the written judgment are identical, Defendant Jones does not qualify for corrective relief under Rule 36.

Accordingly;

## **<u>CONCLUSION</u>**

**IT IS ORDERED** that Defendant Byron Jones' motion to correct clerical errors in the judgment of conviction pursuant to Rules 35(a) and 36 is **DENIED**.[26]

**New Orleans, Louisiana, this 27th day of June, 2024.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. 928.
[26] R. Doc. 1122.